UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

NAJI KAHALA,

     Plaintiff,                   DEMAND FOR JURY TRIAL

-vs-                            Case No.
                                 Hon.

ALLY FINANCIAL INC.,
CAPITAL ONE BANK (USA), N.A.,
CAVALRY PORTFOLIO SERVICES, LLC,
COMENITY BANK,
COMENITY CAPITAL BANK,
CREDENCE RESOURCE MANAGEMENT, LLC,
DFS SERVICES LLC,
JPMORGAN CHASE BANK, N.A.
STERLING INC.,
PORTFOLIO RECOVERY ASSOCIATES, LLC, and
SERVICE FINANCE COMPANY, LLC,

     Defendants.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1.    This Court has federal question jurisdiction as this case is brought under the

      Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2.    This Court may take supplemental jurisdiction over any state law or common

      law claims set forth herein as all the claims in this lawsuit arise out of a

      common nucleus of operative fact.

1

**Venue**

3.     The transactions and occurrences which give rise to this action occurred in

       Washtenaw County.

4.     Venue is proper in the Eastern District of Michigan.


**Parties**

5.     Naji Kahala resides in Ypsilanti, Michigan.

6.     Naji Kahala is a consumer as defined by the Fair Credit Reporting Act, 15

       U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a©.

7.     The Defendants to this action is are:

       a.     ALLY FINANCIAL INC. ("AFI"),  a furnisher of information as

              contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C.

              §1681s-2(a) & (b), that regularly and in the ordinary course of business

              furnishes information to one or more consumer reporting agencies about

              consumer transactions or experiences with any consumer.

       b.     CAPITAL ONE BANK (USA), N.A. ("COBUSANA"),  a furnisher of

              information as contemplated by the Fair Credit Reporting Act

              ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the

              ordinary course of business furnishes information to one or more

2

consumer reporting agencies about consumer transactions or experiences with any consumer.

c.    CAVALRY PORTFOLIO SERVICES, LLC ("CPSLLC"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

d.    COMENITY BANK ("CB"),   a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

e.    COMENITY CAPITAL BANK ("CCB"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

f.    CREDENCE RESOURCE MANAGEMENT, LLC ("CRMLLC"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

g.    DFS SERVICES LLC ("DFSSLLC"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

h.    JPMORGAN CHASE BANK, N.A. ("JPMCBNA"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

i.    STERLING INC., ("SI"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b),

that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

j.      PORTFOLIO RECOVERY ASSOCIATES, LLC, ("PRALLC"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

k.      SERVICE FINANCE COMPANY, LLC, ("SFCLLC"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## General Factual Allegations

8.      Plaintiff discovered false information on one or more of his consumer reports being reported by AFI ("AFI false information") .

5

9.    Mr. Kahala disputed the AFI false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

10.    Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the AFI false information as envisioned by 15 U.S.C. § 1681i.

11.    Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the AFI false information was inaccurate and the source of information was not reliable.

12.    One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the AFI false information from AFI.

13.    AFI responded to the reinvestigation request by verifying the AFI false information.

14.    AFI failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

15.    As a result of AFI's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

16.    Plaintiff discovered false information on one or more of his consumer reports being reported by COBUSANA ("COBUSANA false information") .

17. Mr. Kahala disputed the COBUSANA false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

18. Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the COBUSANA false information as envisioned by 15 U.S.C. § 1681i.

19. Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the COBUSANA false information was inaccurate and the source of information was not reliable.

20. One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the COBUSANA false information from COBUSANA.

21. COBUSANA responded to the reinvestigation request by verifying the COBUSANA false information.

22. COBUSANA failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

23. As a result of COBUSANA's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

24. Plaintiff discovered false information on one or more of his consumer reports being reported by CPSLLC ("CPSLLC false information") .

25.    Mr. Kahala disputed the CPSLLC false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

26.    Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the CPSLLC false information as envisioned by 15 U.S.C. § 1681i.

27.    Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the CPSLLC false information was inaccurate and the source of information was not reliable.

28.    One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the CPSLLC false information from CPSLLC.

29.    CPSLLC responded to the reinvestigation request by verifying the CPSLLC false information.

30.    CPSLLC failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

31.    As a result of CPSLLC's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

32.    Plaintiff discovered false information on one or more of his consumer reports being reported by CB ("CB false information") .

33.  Mr. Kahala disputed the CB false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

34.  Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the CB false information as envisioned by 15 U.S.C. § 1681i.

35.  Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the CB false information was inaccurate and the source of information was not reliable.

36.  One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the CB false information from CB.

37.  CB responded to the reinvestigation request by verifying the CB false information.

38.  CB failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

39.  As a result of CB's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

40.  Plaintiff discovered false information on one or more of his consumer reports being reported by CCB ("CCB false information") .

41.   Mr. Kahala disputed the CCB false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

42.   Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the CCB false information as envisioned by 15 U.S.C. § 1681i.

43.   Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the CCB false information was inaccurate and the source of information was not reliable.

44.   One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the CCB false information from CCB.

45.   CCB responded to the reinvestigation request by verifying the CCB false information.

46.   CCB failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

47.   As a result of CCB's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

48.   Plaintiff discovered false information on one or more of his consumer reports being reported by CRMLLC ("CRMLLC false information") .

49. Mr. Kahala disputed the CRMLLC false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

50. Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the CRMLLC false information as envisioned by 15 U.S.C. § 1681i.

51. Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the CRMLLC false information was inaccurate and the source of information was not reliable.

52. One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the CRMLLC false information from CRMLLC.

53. CRMLLC responded to the reinvestigation request by verifying the CRMLLC false information.

54. CRMLLC failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

55. As a result of CRMLLC's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

56. Plaintiff discovered false information on one or more of his consumer reports being reported by DFSSLLC ("DFSSLLC false information") .

57. Mr. Kahala disputed the DFSSLLC false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

58. Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the DFSSLLC false information as envisioned by 15 U.S.C. § 1681i.

59. Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the DFSSLLC false information was inaccurate and the source of information was not reliable.

60. One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the DFSSLLC false information from DFSSLLC.

61. DFSSLLC responded to the reinvestigation request by verifying the DFSSLLC false information.

62. DFSSLLC failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

63. As a result of DFSSLLC's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

64. Plaintiff discovered false information on one or more of his consumer reports being reported by JPMCBNA ("JPMCBNA false information").

65.   Mr. Kahala disputed the JPMCBNA false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

66.   Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the JPMCBNA false information as envisioned by 15 U.S.C. § 1681i.

67.   Mr.  Kahala's request for reinvestigation included sufficient information to provide actual notice that the JPMCBNA false information was inaccurate and the source of information was not reliable.

68.   One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the JPMCBNA false information from JPMCBNA.

69.   JPMCBNA responded to the reinvestigation request by verifying the JPMCBNA false information.

70.   JPMCBNA failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

71.   As a result of JPMCBNA's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

72.   Plaintiff discovered false information on one or more of his consumer reports being reported by SI ("SI false information") .

73. Mr. Kahala disputed the SI false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

74. Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the SI false information as envisioned by 15 U.S.C. § 1681i.

75. Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the SI false information was inaccurate and the source of information was not reliable.

76. One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the SI false information from SI.

77. SI responded to the reinvestigation request by verifying the SI false information.

78. SI failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

79. As a result of SI's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

80. Plaintiff discovered false information on one or more of his consumer reports being reported by PRALLC ("PRALLC false information") .

81.   Mr. Kahala disputed the PRALLC false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

82.   Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the PRALLC false information as envisioned by 15 U.S.C. § 1681i.

83.   Mr. Kahala's request for reinvestigation included sufficient information to provide actual notice that the PRALLC false information was inaccurate and the source of information was not reliable.

84.   One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the PRALLC false information from PRALLC.

85.   PRALLC responded to the reinvestigation request by verifying the PRALLC false information.

86.   PRALLC failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

87.   As a result of PRALLC's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

88.   Plaintiff discovered false information on one or more of his consumer reports being reported by SFCLLC ("SFCLLC false information") .

89.  Mr. Kahala disputed the SFCLLC false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

90.  Mr. Kahala requested that the credit reporting agencies reinvestigate and correct the SFCLLC false information as envisioned by 15 U.S.C. § 1681i.

91.  Mr.  Kahala's request for reinvestigation included sufficient information to provide actual notice that the SFCLLC false information was inaccurate and the source of information was not reliable.

92.  One or more credit reporting agencies responded to this dispute from Mr. Kahala by requesting verification of the SFCLLC false information from SFCLLC.

93.  SFCLLC responded to the reinvestigation request by verifying the SFCLLC false information.

94.  SFCLLC failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

95.  As a result of SFCLLC's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

## COUNT  I – Fair Credit Reporting Act (AFI)

96.   Mr.  Kahala incorporates the preceding allegations by reference.

97.   AFI was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Kahala through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

98.   In the event that AFI was unable to verify the information which it had reported after a reasonable reinvestigation, AFI was required to advise the credit reporting agency of this fact.

99.   AFI did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the AFI false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

100.   AFI did not conduct a reasonable reinvestigation, and continued to report the AFI false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

101.   Following dispatch of notice directly to AFI, AFI reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

102. Following the dispatch of direct notice to AFI, AFI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

103. AFI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

104. In the alternative,  AFI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

105. AFI  willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

106. In the alternative, AFI negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

107. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT  II – Intentional Infliction of Emotional Distress

## (AFI)

108. Plaintiff  incorporates the preceding allegations by reference.

18

109.  AFI's conduct in defaming the good name and credit of Plaintiff constituted

extreme and outrageous conduct.

110.  AFI intentionally defamed the good name and credit of the Plaintiff, and did

so with reckless disregard of the possible consequences to Plaintiff.

111.  AFI's conduct in defaming the good name and credit of Plaintiff directly and

proximately caused emotional distress to the Plaintiff.

112.  Plaintiff has suffered damages as a result of the conduct of AFI.

## COUNT III – Negligence

## (AFI)

113.  Plaintiff incorporates the preceding allegations by reference.

114.  AFI owed Plaintiff  a duty to refrain from unreasonable conduct which could

foreseeably cause damage to Plaintiff's person or property.

115.  AFI's publication of false and inaccurate credit information on Plaintiff's

credit report was unreasonable.

116.  Plaintiff  has suffered foreseeable damages as a result of this unreasonable

publication of false and inaccurate credit information by AFI.

## COUNT IV– Negligence *Per Se*

## (AFI)

117.  Plaintiff incorporates the preceding allegations by reference.

118.  AFI's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

119.  Those unreasonable actions were *per* se unreasonable.

120.  Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by AFI.

## COUNT IV – Defamation by Libel

## (AFI)

121.  Plaintiff incorporates the preceding allegations by reference.

122.  AFI's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

123.  AFI's publications were not privileged communications.

124.  AFI's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

125.  The statements were *per se* defamatory.

126.  Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

127.  Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT  V – Malicious Statutory Libel

## (AFI)

128. Plaintiff  incorporates the preceding allegations by reference.

129. The inaccurate credit information was published with malice or ill-will.

130. Plaintiff  has suffered damages as a result of this malicious libel by AFI in violation of M.C.L. § 600.2911.

131. Plaintiff  is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  VI – Fair Credit Reporting Act (COBUSANA)

132. Mr.  Kahala incorporates the preceding allegations by reference.

133. COBUSANA was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Kahala through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line  and  providing  accurate  information  to  the  credit  reporting  agencies regarding that trade-line.

134. In the event that COBUSANA was unable to verify the information which it had reported after a reasonable reinvestigation, COBUSANA was required to advise the credit reporting agency of this fact.

135.   COBUSANA did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the COBUSANA false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

136.   COBUSANA did not conduct a reasonable reinvestigation, and continued to report the COBUSANA false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

137.   Following dispatch of notice directly to COBUSANA, COBUSANA reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

138.   Following the dispatch of direct notice to COBUSANA, COBUSANA failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

139.   COBUSANA willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

140. In the alternative,  COBUSANA negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

141. COBUSANA  willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

142. In the alternative, COBUSANA negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

143. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT  VII – Intentional Infliction of Emotional Distress

## (COBUSANA)

144. Plaintiff  incorporates the preceding allegations by reference.

145. COBUSANA's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

146. COBUSANA intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

147. COBUSANA's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

148. Plaintiff has suffered damages as a result of the conduct of COBUSANA.

## COUNT  VIII – Negligence

## (COBUSANA)

149.   Plaintiff incorporates the preceding allegations by reference.

150.   COBUSANA owed Plaintiff  a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

151.   COBUSANA's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

152.   Plaintiff  has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by COBUSANA.

## COUNT  IX– Negligence *Per Se*

## (COBUSANA)

153.   Plaintiff incorporates the preceding allegations by reference.

154.   COBUSANA's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

155.   Those unreasonable actions were *per* se unreasonable.

156.   Plaintiff  has suffered damages as a result of this *per se*  unreasonable publication of false and inaccurate credit information by COBUSANA.

## COUNT  IX – Defamation by Libel

## (COBUSANA)

157.   Plaintiff  incorporates the preceding allegations by reference.

158.   COBUSANA's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

159.   COBUSANA's publications were not privileged communications.

160.   COBUSANA's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

161.   The statements were *per se* defamatory.

162.   Plaintiff  has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

163.   Plaintiff  has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT  X – Malicious Statutory Libel

## (COBUSANA)

164.   Plaintiff  incorporates the preceding allegations by reference.

165.   The inaccurate credit information was published with malice or ill-will.

166.   Plaintiff   has suffered damages as a result of this malicious libel by COBUSANA in violation of M.C.L. § 600.2911.

25

167.   Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XI – Fair Credit Reporting Act (CPSLLC)

168.   Mr. Kahala incorporates the preceding allegations by reference.

169.   CPSLLC was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Kahala through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

170.   In the event that CPSLLC was unable to verify the information which it had reported after a reasonable reinvestigation, CPSLLC was required to advise the credit reporting agency of this fact.

171.   CPSLLC did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the CPSLLC false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

172.   CPSLLC did not conduct a reasonable reinvestigation, and continued to report the CPSLLC false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

173. Following dispatch of notice directly to CPSLLC, CPSLLC reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

174. Following the dispatch of direct notice to CPSLLC, CPSLLC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

175. CPSLLC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

176. In the alternative, CPSLLC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

177. CPSLLC willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

178. In the alternative, CPSLLC negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

179. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT XII – Intentional Infliction of Emotional Distress

## (CPSLLC)

180. Plaintiff incorporates the preceding allegations by reference.

181. CPSLLC's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

182. CPSLLC intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

183. CPSLLC's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

184. Plaintiff has suffered damages as a result of the conduct of CPSLLC.

## COUNT XIII – Negligence

## (CPSLLC)

185. Plaintiff incorporates the preceding allegations by reference.

186. CPSLLC owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

187. CPSLLC's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

188. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by CPSLLC.

## COUNT  XIV– Negligence *Per Se*

## (CPSLLC)

189.   Plaintiff incorporates the preceding allegations by reference.

190.   CPSLLC's actions in publishing false and inaccurate credit information on

   Plaintiff's credit report was in violation of express duties under the FCRA.

191.   Those unreasonable actions were *per* se unreasonable.

192.   Plaintiff  has suffered damages as a result of this *per se*  unreasonable

   publication of false and inaccurate credit information by CPSLLC.

## COUNT  XIV – Defamation by Libel

## (CPSLLC)

193.   Plaintiff  incorporates the preceding allegations by reference.

194.   CPSLLC's written publications of the trade lines on Plaintiff's credit report

   were false and defamatory.

195.   CPSLLC's publications were not privileged communications.

196.   CPSLLC's publications of the trade lines on Plaintiff's credit report were made

   negligently, with reckless disregard to their falsity, or maliciously.

197.   The statements were *per se* defamatory.

198.   Plaintiff  has suffered special damages including loss of creditworthiness as a

   result of the publication of the defamatory statements.

199.  Plaintiff  has suffered emotional distress as a result of the publication of the

defamatory statements.

## COUNT  XV – Malicious Statutory Libel

## (CPSLLC)

200.  Plaintiff  incorporates the preceding allegations by reference.

201.  The inaccurate credit information was published with malice or ill-will.

202.  Plaintiff  has suffered damages as a result of this malicious libel by CPSLLC

in violation of M.C.L. § 600.2911.

203.  Plaintiff  is entitled to actual and punitive damages has suffered damages as a

result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XVI – Fair Credit Reporting Act (CB)

204.  Mr.  Kahala incorporates the preceding allegations by reference.

205.  CB was required under 15 U.S.C. § 1681s-2(b), to respond to the request for

reinvestigation initiated by Mr. Kahala through one or more credit reporting

agencies by completing an inquiry into the facts underlying the trade-line and

providing accurate information to the credit reporting agencies regarding that

trade-line.

206. In the event that CB was unable to verify the information which it had reported after a reasonable reinvestigation, CB was required to advise the credit reporting agency of this fact.

207. CB did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the CB false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

208. CB did not conduct a reasonable reinvestigation, and continued to report the CB false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

209. Following dispatch of notice directly to CB, CB reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

210. Following the dispatch of direct notice to CB, CB failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

211. CB willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

212. In the alternative, CB negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

213. CB willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

214. In the alternative, CB negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

215. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT XVII – Intentional Infliction of Emotional Distress

## (CB)

216. Plaintiff incorporates the preceding allegations by reference.

217. CB's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

218. CB intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

219. CB's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

220. Plaintiff has suffered damages as a result of the conduct of CB.

32

## COUNT  XVIII – Negligence

## (CB)

221.   Plaintiff incorporates the preceding allegations by reference.

222.   CB owed Plaintiff  a duty to refrain from unreasonable conduct which could
       foreseeably cause damage to Plaintiff's person or property.

223.   CB's publication of false and inaccurate credit information on Plaintiff's credit
       report was unreasonable.

224.   Plaintiff  has suffered  foreseeable damages as a result of this unreasonable
       publication of false and inaccurate credit information by CB.

## COUNT  XIX– Negligence *Per Se*

## (CB)

225.   Plaintiff incorporates the preceding allegations by reference.

226.   CB's actions in publishing false and inaccurate credit information on Plaintiff's
       credit report was in violation of express duties under the FCRA.

227.   Those unreasonable actions were *per* se unreasonable.

228.   Plaintiff   has  suffered  damages  as  a  result  of  this  *per se*   unreasonable
       publication of false and inaccurate credit information by CB.

## COUNT XIX – Defamation by Libel

## (CB)

229.  Plaintiff incorporates the preceding allegations by reference.

230.  CB's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

231.  CB's publications were not privileged communications.

232.  CB's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

233.  The statements were *per se* defamatory.

234.  Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

235.  Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT XX – Malicious Statutory Libel

## (CB)

236.  Plaintiff incorporates the preceding allegations by reference.

237.  The inaccurate credit information was published with malice or ill-will.

238.  Plaintiff has suffered damages as a result of this malicious libel by CB in violation of M.C.L. § 600.2911.

34

239.  Plaintiff  is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XXI – Fair Credit Reporting Act (CCB)

240.  Mr.  Kahala incorporates the preceding allegations by reference.

241.  CCB was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Kahala through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

242.  In the event that CCB was unable to verify the information which it had reported after a reasonable reinvestigation, CCB was required to advise the credit reporting agency of this fact.

243.  CCB did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the CCB false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

244.  CCB did not conduct a reasonable reinvestigation, and continued to report the CCB false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

245. Following dispatch of notice directly to CCB, CCB reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

246. Following the dispatch of direct notice to CCB, CCB failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

247. CCB willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

248. In the alternative, CCB negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

249. CCB willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

250. In the alternative, CCB negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

251. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT XXII – Intentional Infliction of Emotional Distress

## (CCB)

252.   Plaintiff incorporates the preceding allegations by reference.

253.   CCB's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

254.   CCB intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

255.   CCB's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

256.   Plaintiff has suffered damages as a result of the conduct of CCB.

## COUNT XXIII – Negligence

## (CCB)

257.   Plaintiff incorporates the preceding allegations by reference.

258.   CCB owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

259.   CCB's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

260.   Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by CCB.

## COUNT XXIV– Negligence *Per Se*

## (CCB)

261. Plaintiff incorporates the preceding allegations by reference.

262. CCB's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

263. Those unreasonable actions were *per* se unreasonable.

264. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by CCB.

## COUNT XXIV – Defamation by Libel

## (CCB)

265. Plaintiff incorporates the preceding allegations by reference.

266. CCB's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

267. CCB's publications were not privileged communications.

268. CCB's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

269. The statements were *per se* defamatory.

270. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

271.   Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT  XXV – Malicious Statutory Libel

## (CCB)

272.   Plaintiff incorporates the preceding allegations by reference.

273.   The inaccurate credit information was published with malice or ill-will.

274.   Plaintiff has suffered damages as a result of this malicious libel by CCB in violation of M.C.L. § 600.2911.

275.   Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XXVI – Fair Credit Reporting Act (CRMLLC)

276.   Mr. Kahala incorporates the preceding allegations by reference.

277.   CRMLLC was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Kahala through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

278. In the event that CRMLLC was unable to verify the information which it had reported after a reasonable reinvestigation, CRMLLC was required to advise the credit reporting agency of this fact.

279. CRMLLC did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the CRMLLC false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

280. CRMLLC did not conduct a reasonable reinvestigation, and continued to report the CRMLLC false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

281. Following dispatch of notice directly to CRMLLC, CRMLLC reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

282. Following the dispatch of direct notice to CRMLLC, CRMLLC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

283. CRMLLC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

284. In the alternative,  CRMLLC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

285. CRMLLC  willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

286. In the alternative, CRMLLC negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

287. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT  XXVII – Intentional Infliction of Emotional Distress

## (CRMLLC)

288. Plaintiff  incorporates the preceding allegations by reference.

289. CRMLLC's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

290. CRMLLC intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

291. CRMLLC's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

292. Plaintiff has suffered damages as a result of the conduct of CRMLLC.

## COUNT  XXVIII – Negligence

## (CRMLLC)

293.  Plaintiff incorporates the preceding allegations by reference.

294.  CRMLLC owed Plaintiff  a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

295.  CRMLLC's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

296.  Plaintiff  has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by CRMLLC.

## COUNT  XXIX– Negligence *Per Se*

## (CRMLLC)

297.  Plaintiff incorporates the preceding allegations by reference.

298.  CRMLLC's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

299.  Those unreasonable actions were *per* se unreasonable.

300.  Plaintiff  has suffered damages as a result of this *per se*  unreasonable publication of false and inaccurate credit information by CRMLLC.

## COUNT XXIX – Defamation by Libel

## (CRMLLC)

301. Plaintiff incorporates the preceding allegations by reference.

302. CRMLLC's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

303. CRMLLC's publications were not privileged communications.

304. CRMLLC's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

305. The statements were *per se* defamatory.

306. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

307. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT XXX – Malicious Statutory Libel

## (CRMLLC)

308. Plaintiff incorporates the preceding allegations by reference.

309. The inaccurate credit information was published with malice or ill-will.

310. Plaintiff has suffered damages as a result of this malicious libel by CRMLLC in violation of M.C.L. § 600.2911.

311. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT XXXI – Fair Credit Reporting Act (DFSSLLC)

312. Mr. Kahala incorporates the preceding allegations by reference.

313. DFSSLLC was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Kahala through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

314. In the event that DFSSLLC was unable to verify the information which it had reported after a reasonable reinvestigation, DFSSLLC was required to advise the credit reporting agency of this fact.

315. DFSSLLC did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the DFSSLLC false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

316. DFSSLLC did not conduct a reasonable reinvestigation, and continued to report the DFSSLLC false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

317.   Following dispatch of notice directly to DFSSLLC, DFSSLLC reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

318.   Following the dispatch of direct notice to DFSSLLC, DFSSLLC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

319.   DFSSLLC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

320.   In the alternative,  DFSSLLC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

321.   DFSSLLC  willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

322.   In the alternative, DFSSLLC  negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

323.   Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT  XXXII – Intentional Infliction of Emotional Distress

## (DFSSLLC)

324.   Plaintiff  incorporates the preceding allegations by reference.

325.   DFSSLLC's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

326.   DFSSLLC intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

327.   DFSSLLC's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

328.   Plaintiff has suffered damages as a result of the conduct of DFSSLLC.

## COUNT  XXXIII – Negligence

## (DFSSLLC)

329.   Plaintiff incorporates the preceding allegations by reference.

330.   DFSSLLC owed Plaintiff  a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

331.   DFSSLLC's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

332.   Plaintiff  has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by DFSSLLC.

## COUNT  XXXIV– Negligence *Per Se*

## (DFSSLLC)

333.   Plaintiff incorporates the preceding allegations by reference.

334.   DFSSLLC's actions in publishing false and inaccurate credit information on
Plaintiff's credit report was in violation of express duties under the FCRA.

335.   Those unreasonable actions were *per* se unreasonable.

336.   Plaintiff  has suffered damages as a result of this *per se*  unreasonable
publication of false and inaccurate credit information by DFSSLLC.

## COUNT  XXXIV – Defamation by Libel

## (DFSSLLC)

337.   Plaintiff  incorporates the preceding allegations by reference.

338.   DFSSLLC's written publications of the trade lines on Plaintiff's credit report
were false and defamatory.

339.   DFSSLLC's publications were not privileged communications.

340.   DFSSLLC's publications of the trade lines on Plaintiff's credit report were
made negligently, with reckless disregard to their falsity, or maliciously.

341.   The statements were *per se* defamatory.

342.   Plaintiff has suffered special damages including loss of creditworthiness as a
result of the publication of the defamatory statements.

343.  Plaintiff  has suffered emotional distress as a result of the publication of the

defamatory statements.

## COUNT  XXXV – Malicious Statutory Libel

## (DFSSLLC)

344.  Plaintiff  incorporates the preceding allegations by reference.

345.  The inaccurate credit information was published with malice or ill-will.

346.  Plaintiff has suffered damages as a result of this malicious libel by DFSSLLC

in violation of M.C.L. § 600.2911.

347.  Plaintiff  is entitled to actual and punitive damages has suffered damages as a

result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XXXVI – Fair Credit Reporting Act (JPMCBNA)

348.  Mr.  Kahala incorporates the preceding allegations by reference.

349.  JPMCBNA was required under 15 U.S.C. § 1681s-2(b), to respond to the

request for reinvestigation initiated by Mr. Kahala through one or more credit

reporting agencies by completing an inquiry into the facts underlying the trade-

line and providing accurate information to the credit reporting agencies

regarding that trade-line.

48

350. In the event that JPMCBNA was unable to verify the information which it had reported after a reasonable reinvestigation, JPMCBNA was required to advise the credit reporting agency of this fact.

351. JPMCBNA did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the JPMCBNA false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

352. JPMCBNA did not conduct a reasonable reinvestigation, and continued to report the JPMCBNA false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

353. Following dispatch of notice directly to JPMCBNA, JPMCBNA reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

354. Following the dispatch of direct notice to JPMCBNA, JPMCBNA failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

355. JPMCBNA willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

356. In the alternative,  JPMCBNA negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

357. JPMCBNA  willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

358. In the alternative, JPMCBNA negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

359. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT  XXXVII – Intentional Infliction of Emotional Distress

## (JPMCBNA)

360. Plaintiff  incorporates the preceding allegations by reference.

361. JPMCBNA's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

362. JPMCBNA intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

363. JPMCBNA's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

364. Plaintiff has suffered damages as a result of the conduct of JPMCBNA.

## COUNT  XXXVIII – Negligence

## (JPMCBNA)

365.  Plaintiff incorporates the preceding allegations by reference.

366.  JPMCBNA owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

367.  JPMCBNA's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

368.  Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by JPMCBNA.

## COUNT  XXXIX– Negligence *Per Se*

## (JPMCBNA)

369.  Plaintiff incorporates the preceding allegations by reference.

370.  JPMCBNA's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

371.  Those unreasonable actions were *per* se unreasonable.

372.  Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by JPMCBNA.

## COUNT  XXXIX – Defamation by Libel

## (JPMCBNA)

373.  Plaintiff  incorporates the preceding allegations by reference.

374.  JPMCBNA's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

375.  JPMCBNA's publications were not privileged communications.

376.  JPMCBNA's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

377.  The statements were *per se* defamatory.

378.  Plaintiff  has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

379.  Plaintiff  has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT  XL – Malicious Statutory Libel

## (JPMCBNA)

380.  Plaintiff  incorporates the preceding allegations by reference.

381.  The inaccurate credit information was published with malice or ill-will.

382.  Plaintiff has suffered damages as a result of this malicious libel by JPMCBNA in violation of M.C.L. § 600.2911.

383. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XLI – Fair Credit Reporting Act (SI)

384. Mr. Kahala incorporates the preceding allegations by reference.

385. SI was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Kahala through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

386. In the event that SI was unable to verify the information which it had reported after a reasonable reinvestigation, SI was required to advise the credit reporting agency of this fact.

387. SI did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the SI false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

388. SI did not conduct a reasonable reinvestigation, and continued to report the SI false information and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

389. Following dispatch of notice directly to SI, SI reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

390. Following the dispatch of direct notice to SI, SI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

391. SI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

392. In the alternative,  SI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

393. SI  willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

394. In the alternative, SI negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

395. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## **COUNT XLII – Intentional Infliction of Emotional Distress**

### **(SI)**

396. Plaintiff incorporates the preceding allegations by reference.

397. SI's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

398. SI intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

399. SI's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

400. Plaintiff has suffered damages as a result of the conduct of SI.

## **COUNT XLIII – Negligence**

### **(SI)**

401. Plaintiff incorporates the preceding allegations by reference.

402. SI owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

403. SI's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

404. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by SI.

## COUNT  XLIV– Negligence *Per Se*

## (SI)

405.   Plaintiff incorporates the preceding allegations by reference.

406.   SI's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

407.   Those unreasonable actions were *per* se unreasonable.

408.   Plaintiff  has suffered damages as a result of this *per se*  unreasonable publication of false and inaccurate credit information by SI.

## COUNT  XLIV – Defamation by Libel

## (SI)

409.   Plaintiff  incorporates the preceding allegations by reference.

410.   SI's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

411.   SI's publications were not privileged communications.

412.   SI's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

413.   The statements were *per se* defamatory.

414.   Plaintiff  has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

415.   Plaintiff  has suffered emotional distress as a result of the publication of the

defamatory statements.

## COUNT  XLV – Malicious Statutory Libel

## (SI)

416.   Plaintiff  incorporates the preceding allegations by reference.

417.   The inaccurate credit information was published with malice or ill-will.

418.   Plaintiff  has suffered damages as a result of this malicious libel by SI in

violation of M.C.L. § 600.2911.

419.   Plaintiff  is entitled to actual and punitive damages has suffered damages as a

result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XLVI – Fair Credit Reporting Act (PRALLC)

420.   Mr.  Kahala incorporates the preceding allegations by reference.

421.   PRALLC was required under 15 U.S.C. § 1681s-2(b), to respond to the request

for reinvestigation initiated by Mr. Kahala through one or more credit reporting

agencies by completing an inquiry into the facts underlying the trade-line and

providing accurate information to the credit reporting agencies regarding that

trade-line.

422.   In the event that PRALLC was unable to verify the information which it had reported after a reasonable reinvestigation, PRALLC was required to advise the credit reporting agency of this fact.

423.   PRALLC did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the PRALLC false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

424.   PRALLC did not conduct a reasonable reinvestigation, and continued to report the PRALLC false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

425.   Following dispatch of notice directly to PRALLC, PRALLC reported credit information that was not in fact accurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

426.   Following the dispatch of direct notice to PRALLC, PRALLC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

427.   PRALLC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

428. In the alternative,  PRALLC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

429. PRALLC  willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

430. In the alternative, PRALLC negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

431. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## COUNT  XLVII – Intentional Infliction of Emotional Distress

## (PRALLC)

432. Plaintiff  incorporates the preceding allegations by reference.

433. PRALLC's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

434. PRALLC intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

435. PRALLC's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

436. Plaintiff has suffered damages as a result of the conduct of PRALLC.

## COUNT  XLVIII – Negligence

## (PRALLC)

437.  Plaintiff incorporates the preceding allegations by reference.

438.  PRALLC owed Plaintiff  a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

439.  PRALLC's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

440.  Plaintiff  has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by PRALLC.

## COUNT  XLIX– Negligence *Per Se*

## (PRALLC)

441.  Plaintiff incorporates the preceding allegations by reference.

442.  PRALLC's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

443.  Those unreasonable actions were *per* se unreasonable.

444.  Plaintiff  has suffered damages as a result of this *per se*  unreasonable publication of false and inaccurate credit information by PRALLC.

## COUNT XLIX – Defamation by Libel

## (PRALLC)

445. Plaintiff incorporates the preceding allegations by reference.

446. PRALLC's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

447. PRALLC's publications were not privileged communications.

448. PRALLC's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

449. The statements were *per se* defamatory.

450. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

451. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT L – Malicious Statutory Libel

## (PRALLC)

452. Plaintiff incorporates the preceding allegations by reference.

453. The inaccurate credit information was published with malice or ill-will.

454. Plaintiff has suffered damages as a result of this malicious libel by PRALLC in violation of M.C.L. § 600.2911.

455.   Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  LI – Fair Credit Reporting Act (SFCLLC)

456.   Mr.  Kahala incorporates the preceding allegations by reference.

457.   SFCLLC was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Kahala through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

458.   In the event that SFCLLC was unable to verify the information which it had reported after a reasonable reinvestigation, SFCLLC was required to advise the credit reporting agency of this fact.

459.   SFCLLC did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the SFCLLC false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

460.   SFCLLC did not conduct a reasonable reinvestigation, and continued to report the SFCLLC false information  and consciously avoided knowing that the credit information was inaccurate,  in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

461. Following dispatch of notice directly to SFCLLC, SFCLLC reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

462. Following the dispatch of direct notice to SFCLLC, SFCLLC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

463. SFCLLC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

464. In the alternative, SFCLLC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

465. SFCLLC willfully refused to properly reinvestigate the inaccuracies in Mr. Kahala's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

466. In the alternative, SFCLLC negligently failed to conduct a proper reinvestigation of Mr. Kahala's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

467. Mr. Kahala has suffered damages as a result of these violations of the FCRA.

## **COUNT  LII – Intentional Infliction of Emotional Distress**

## **(SFCLLC)**

468.  Plaintiff  incorporates the preceding allegations by reference.

469.  SFCLLC's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

470.  SFCLLC intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

471.  SFCLLC's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

472.  Plaintiff has suffered damages as a result of the conduct of SFCLLC.

## **COUNT  LIII – Negligence**

## **(SFCLLC)**

473.  Plaintiff incorporates the preceding allegations by reference.

474.  SFCLLC owed Plaintiff  a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

475.  SFCLLC's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

476.  Plaintiff  has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by SFCLLC.

## COUNT LIV– Negligence *Per Se*

### (SFCLLC)

477.   Plaintiff incorporates the preceding allegations by reference.

478.   SFCLLC's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

479.   Those unreasonable actions were *per* se unreasonable.

480.   Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by SFCLLC.

## COUNT LIV – Defamation by Libel

### (SFCLLC)

481.   Plaintiff incorporates the preceding allegations by reference.

482.   SFCLLC's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

483.   SFCLLC's publications were not privileged communications.

484.   SFCLLC's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

485.   The statements were *per se* defamatory.

486.   Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

487.   Plaintiff  has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT  LV – Malicious Statutory Libel

## (SFCLLC)

488.   Plaintiff  incorporates the preceding allegations by reference.

489.   The inaccurate credit information was published with malice or ill-will.

490.   Plaintiff  has suffered damages as a result of this malicious libel by SFCLLC in violation of M.C.L. § 600.2911.

491.   Plaintiff  is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## Demand for Jury Trial

492.   Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY,* Plaintiff Requests *that this Court:*

a.     *Assume jurisdiction over all claims;.*

b.     *Award actual damages.*

c.     *Award statutory damages.*

d.     *Award punitive damages.*

e.     *Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    <u>/s/ Adam G. Taub</u>
         Adam G. Taub (P48703)
         Attorney for Naji Kahala
         17200 West 10 Mile Rd. Suite 200
         Southfield, MI 48075
         Phone:  (248) 746-3790
         Email:  adamgtaub@clgplc.net

Dated: June 1, 2022